Matter of Janey B. v Jill C. (2026 NY Slip Op 00954)

Matter of Janey B. v Jill C.

2026 NY Slip Op 00954

Decided on February 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 19, 2026

CV-24-1731
[*1]In the Matter of Janey B., Respondent,
vJill C., Appellant, et al., Respondent.

Calendar Date:January 8, 2026

Before:Garry, P.J., Ceresia, Fisher, McShan and Mackey, JJ.

Andrea J. Mooney, Ithaca, for appellant.
Michelle I. Rosien, Philmont, for Janey B., respondent.
Peter P. Charnetsky, Vestal, attorney for the child.

Fisher, J.
Appeal from an order of the Family Court of Broome County (Brett Noonan, J.), entered August 29, 2024, which granted petitioner's application, in a proceeding pursuant to Domestic Relations Law article 6, for visitation with respondents' child.
Respondent Jill C. (hereinafter the mother) and respondent Christopher C. (hereinafter the father) are the parents of two children (born in 2000 and 2011). Petitioner (hereinafter the sister) is the oldest child of the father and the mother. The sister has not lived in the family home since 2018 and is estranged from the mother due to their acrimonious relationship. After the parents divorced in 2022, the father moved out of the family home where the mother and youngest child continued to reside. In June 2023, the sister filed a petition seeking visitation on a biweekly basis with the youngest child. The mother opposed the petition. Following a fact-finding hearing and a Lincoln hearing, Family Court granted the sister certain visitation time with the youngest child. The mother appeals.[FN1]
As raised by the sister, the mother's appeal must be dismissed as untimely.[FN2] "An appeal is taken from a Family Court order by filing an 'original notice of appeal with the clerk of the family court in which the order was made and from which the appeal is taken,' then serving that notice upon 'any adverse party as provided for in CPLR 5515 (1) and upon the child's attorney, if any,' within the time allowed by Family Ct Act § 1113" (Matter of Washington County Dept. of Social Servs. v Oudekerk, 205 AD3d 1108, 1109 [3d Dept 2022] [brackets and ellipsis omitted], quotingFamily Ct Act § 1115). Where, like here, the order sought to be appealed from was mailed by the clerk of the family court, an appellant must complete both steps within 35 days from such mailing (see Family Ct Act § 1113; Matter of Washington County Dept. of Social Servs. v Oudekerk, 205 AD3d at 1109). The record reflects that the order appealed from was mailed to the mother and emailed to the mother's counsel on the same day it was entered, August 29, 2024. As such, her last day to take an appeal was October 3, 2024. Although the mother's notice of appeal was dated October 2, 2024, the affirmation of service reveals that the notice of appeal was served on October 4, 2024 — the same day it was filed with the clerk of Family Court. Given that this was beyond the 35-day period, "the mother's appeal is untimely and, as the applicable statutory time bar is absolute and not subject to extension, this Court lacks jurisdiction to entertain it" (Matter of Carrie X. [Amber Y.], 230 AD3d 1397, 1398 [3d Dept 2024] [internal quotation marks and citation omitted], lv denied 42 NY3d 910 [2025]; see Matter of Richard HH. v Saratoga County Dept. of Social Servs., 163 AD3d 1082, 1083 n 2 [3d Dept 2018], lv denied 32 NY3d 911 [2018]).
Garry, P.J., Ceresia, McShan and Mackey, JJ., concur.
ORDERED that the appeal is dismissed, without costs.

Footnotes

Footnote 1: The father has taken no part in this appeal.

Footnote 2: The submission from the attorney for the child does not address timeliness.